UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ROBERT JAMES BROOKS,

        Defendant.

_____/

Case No. 1:02-cr-247-01

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on remand from the Sixth Circuit Court of Appeals to resentence Defendant Robert James Brooks in light of *United States v. Booker*, 543 U.S. 220 (2005), wherein the Supreme Court concluded that the United States Sentencing Guidelines are merely advisory. Defendant has knowingly and voluntarily waived his right to appear at resentencing, and the Court will resentence Defendant by written opinion. FED. R. CRIM. P. 43(c)(2).

On July 31, 2003, Defendant appeared before the Court, accompanied by counsel, to be sentenced for the offense of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). After resolving Defendant's objections to the Presentence Report ("Report") and his Guideline scoring, the Court sentenced Defendant to a term of imprisonment of 120 months.

Defendant appealed this Court's sentence and while his appeal was pending, the Supreme Court decided *Booker*. In *Booker*, the Court found that sentencing courts were no longer bound by the sentencing Guidelines, as they were when Defendant was sentenced, and that this holding was applicable to all cases pending on direct review. *Booker*, 543 U.S. at 245. The Court of Appeals reviewed Defendant's sentence and found that because this Court treated the Guidelines as mandatory, remand was required. The Court of Appeals did however affirm this Court's disposition

of Defendant's sentencing objections. Therefore, the Court finds its task on remand is to evaluate Defendant's sentence under the advisory Guideline framework of *Booker*.

After *Booker*, sentencing became a three-part process. First, the Court must determine the advisory sentencing Guideline range, including enhancements and downward adjustments, a task originally completed by this Court. Defendant has suggested no reason to change that calculation. Under the Guidelines, Defendant received a total offense level of 30 and a criminal history category VI, corresponding to a range of imprisonment of 168 to 210 months. However, possessing an unregistered firearm carries a maximum term of imprisonment of 120 months. 26 U.S.C. § 5871. Therefore, because Defendant's Guideline range for imprisonment exceeds the statutorily authorized maximum custodial penalty, the statutory maximum becomes Defendant's Guideline range. U.S.S.G. § 5G1.1(c)(1). Thus, Defendant's Guideline range for imprisonment will remain 120 months.

The second step is to consider whether a Guideline departure is warranted under any of the Sentencing Guideline sections which permit non-specific departures for exceptional circumstances. These sections include sections 5K2.0, 4A1.3 and other sections of the Guidelines. These kind of adjustments allow for non-specific departures for exceptional circumstances in certain cases and are generally referred to as *Koon* departures—after the Supreme Court case of that name. *United States v. Koon*, 518 U.S. 81 (1996). The circumstances of this case are not so exceptional to form the factual basis for any such departure.

Now the Court turns to the final task of determining a reasonable sentence for Defendant when considering the advisory Guideline range and the pertinent factors under section 3553(a). Under *Booker*, this Court "while not bound to apply the Guidelines, must consult those Guidelines

and take them into account when sentencing." *Booker*, 543 U.S. at 264.  The factors articulated in 18 U.S.C. § 3553(a) should be reviewed and the Court is required to offer some measure of reasoning in creating a reasonable sentence.  Therefore, this Court will determine a reasonable sentence for Defendant based on the statutory considerations outlined in section 3553(a), together with the pertinent Guideline language.

Section 3553 requires the Court to impose a sentence that considers the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense.  The Court must also craft a sentence that affords adequate deterrence to future criminal conduct. Finally, the Court should consider the kind of sentence and the sentencing range established for this particular offense, any pertinent policy considerations, and, in particular, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In determining a reasonable sentence, particular attention was paid to the Report, the parties' resentencing memoranda, and a letter authored by Defendant.  Defendant owns a lengthy criminal history, including repeated assaults upon his girlfriend (who is also the mother of his children), and convictions for larceny and property destruction.  By the age of 29, Defendant had already accumulated 16 adult criminal convictions and has been arrested six other times.  Defendant also suffers from substance abuse addiction and problems controlling his anger.  The Court noted at his original sentencing, "Defendant appears incapable of controlling his anger and conducting himself in any kind of law abiding manner.  He refuses to learn from his past mistakes and continues to be in situations where he presents a serious threat to other people as [a] result of his conduct." (Sent'g Tr. at 149).  Furthermore, at sentencing Defendant became unmanageable and had to be removed

from the proceeding before he was given notice of the right to appeal his sentence. At that point in the proceeding, Defendant told the United States Marshall to "[g]et your hands the fuck off me." (*Id.* at 154).

A lengthy sentence is warranted and necessary to instill within Defendant a respect for the law he so obviously lacks. Furthermore, while incarcerated Defendant will be deterred from future criminal behavior and afforded the opportunity to address his anger management and substance abuse issues. It appears that a mixture of substance abuse, anger problems, and other negative stressors work to fuel Defendant's criminal behavior. He will need to strive to eradicate such stimulus from his life before having any real chance at becoming crime-free. Thus, having considered Defendant's sentence under the teachings of *Booker* and the Guidelines, the Court will not change any of the original terms of its Judgment. Defendant's custodial term of imprisonment will remain 120 months with the same conditions of supervised release reimposed. An Amended Judgment consistent with Opinion shall enter.

Dated in Kalamazoo, MI:                                      /s/Richard Alan Enslen
April 18, 2006                                                Richard Alan Enslen
                                                             Senior United States District Judge